# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD CASEY,

    Plaintiff,

RIVERSIDE SCHOOL DISTRICT,
MICHAEL DUDA, GEORGE BIEBER, and
CAROL ARMSTRONG,

    Defendants,

CIVIL ACTION NO. 3:10-CV-2385

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Plaintiff Ronald Casey moves the Court to reconsider its order dismissing his suit dated March 23, 2011. (Doc. 19.)  Mr. Casey originally filed an action for workplace harassment under Title VII and the Pennsylvania Human Relations Act ("PHRA").  Mr. Casey, who had worked as the Building and Grounds supervisor for the Riverside School District for a number of years, claimed he was hounded out of his job by members of the Riverside School District Board after denying a Board member's husband use of the Riverside School field house.

The Court granted defendant's motion to dismiss for Mr. Casey's failure to exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").  While Mr. Casey argued that he had filed complaints with both agencies, the only evidence he provided was a undated questionnaire from the PHRC. Mr. Casey has now provided the Court with a letter from the PHRC stating he did in fact attempt to file a complaint with them on October 28 and November 19 of 2008.  However, since this is not "new evidence" under the applicable standard for reconsideration, Mr. Casey's motion will be denied.

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). The reconsideration of a judgment is an extraordinary remedy, and such motions are granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

Here, the letter Mr. Casey has submitted is not "new evidence."  It is a letter dated July 27, 2011 and pertains to events that occurred in October and November of 2008.  Mr. Casey was on notice for some time that the defendants were claiming a "failure to exhaust" and he could have easily requested this letter from the PHRC and submitted it to the Court

before it ruled on the motion to dismiss.  It is not "new" evidence.  Additionally, the letter states clearly that Mr. Casey *attempted* to file a complaint with the PHRC on two occasions, not that a complaint was *actually* filed.  Mr. Casey has presented no caselaw supporting the proposition that the mere attempt to file a complaint with the PHRC satisfies the exhaustion requirement.  For these reasons, Mr. Casey's motion will be denied.

**NOW**, this ____8th____ day of December, 2011, **IT IS HEREBY ORDERED THAT** plaintiff Ronald Casey's motion for reconsideration (Doc. 19) is **DENIED**.  Since amendment would be futile, the Clerk of Court is directed to mark the case as **CLOSED**.

       /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge